**UNITED STATES of America,**
**Respondent–Appellee,**

v.

**Armando EUGENIO, Petitioner–**
**Appellant.**

**No. 03–2992–PR.**

United States Court of Appeals,
Second Circuit.

April 22, 2005.

B. Alan Seidler, New York, NY, for Appellant.

James M. Miskiewicz, Assistant, United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; Cecil C. Scott, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Armando Eugenio appeals from a judgment entered on December 12, 2003, in the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) denying his petition pursuant to 28 U.S.C. § 2255. Familiarity with the facts and procedural history is assumed.

On appeal, Eugenio argues that the district court erred in denying his petition and finding that his counsel rendered constitutionally effective assistance of counsel.

In order to prevail on a claim of ineffective assistance, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Second, petitioner must establish that counsel's unprofessional errors actually "prejudiced" the defense. *Id.* at 687. This requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

After thoroughly reviewing the record below, we conclude that the district court did not err in denying the petition. There is no basis to disturb the district court's finding that Eugenio's claim that his lawyer, Julio Rojas, did not advise him of the relative consequences of pleading guilty as opposed to going to trial is not credible. Although Rojas might not have a complete independent recollection of the events surrounding Eugenio's failed plea allocution and his subsequent decision to go to trial,

the record evidence supports Judge Sifton's finding that Eugenio received effective assistance of counsel.

We have carefully considered Eugenio's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**